UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOME DEPOT U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> AIR PROS, LLC and DOUGLAS ANTHONY PERERA, JR., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-CV-02053-JPB |

## ORDER

This matter is before the Court on Home Depot U.S.A., Inc.'s ("Plaintiff") Motion for Leave to Supplement the Complaint [Doc. 68]. This Court finds as follows:

## PROCEDURAL HISTORY

On November 25, 2020, Plaintiff filed this breach of contract action against Air Pros, LLC and Douglas Anthony Perera, Jr. (collectively, "Defendants") in the Southern District of Florida. [Doc. 1]. In its Complaint, Plaintiff alleges that it entered into a Master Service Provider Agreement ("SPA") with Defendants whereby Defendants agreed to sell, furnish and install approved HVAC products to Plaintiff's customers. Id. at 4. According to Plaintiff, Defendants violated the

SPA by deceptively demanding and wrongfully collecting payments from Plaintiff's customers.  Id. at 6.

On January 14, 2021, Judge K. Michael Moore entered an order granting the parties' Joint Motion for Entry of Consent Order for Preliminary Injunctive Relief. [Doc. 30].  Pursuant to that order, Defendants were enjoined and restrained from contacting or attempting to contact a specific group of Plaintiff's customers.  Id. at 2.  Thereafter, on January 27, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint.  [Doc. 32].

While the Motion to Dismiss was pending, Judge Moore issued an order wherein he directed the parties to show cause why the case should not be transferred to the United States District Court for the Northern District of Georgia in accordance with a forum selection clause contained in the SPA.  See May 5, 2021 docket entry.  Ultimately, after considering the parties' responses to the show cause order, Judge Moore transferred the case to this Court and denied all pending motions as moot, including Defendants' Motion to Dismiss.  [Doc. 57].

As stated immediately above, the case is now pending in this Court.  On June 15, 2021, Plaintiff filed the instant Motion for Leave to Supplement the Complaint.  [Doc. 68].  According to Plaintiff, after the lawsuit was filed, Defendants began soliciting a different group of Plaintiff's customers.  Although

these customers were not subject to the Consent Order for Preliminary Injunctive Relief, Plaintiff contends that the solicitation is nevertheless a violation of the SPA.  Plaintiff thus wants to supplement its Complaint with these new allegations.

## LEGAL STANDARD

Ordinarily, Federal Rule of Civil Procedure 15(a) governs the pre-trial amendment of pleadings.  Under that rule, when amending as a matter of course is not available, a party seeking to amend its complaint may do so "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1366 (11th Cir. 2007).  Federal Rule of Civil Procedure 15(d), on the other hand, states that

> [o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Unlike Federal Rule of Civil Procedure 15(a), which relates to matters that occur *before* the filing of the original pleading, Rule 15(d) deals "with events *subsequent to* the pleading . . . and merely represent additions to or continuations of the earlier pleadings."  McGrotha v. Fed Ex Ground Package Sys., Inc., No. 5:05-CV-391,

3

2007 WL 640457, at *2 (M.D. Ga. Feb. 24, 2007) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1504 (1971)).  Even though the two subsections of Rule 15 differ slightly, "'the formal distinction between amendment and supplementation is of no consequence,' and courts routinely apply Rule 15(a)'s 'freely given' standard to Rule 15(d) motions to supplement."  Id. (quoting Wright & Miller, supra, § 1504).

As stated immediately above, leave to supplement shall be freely given when justice so requires.  With regard to the requirement that courts grant leave freely, the Supreme Court of the United States has made clear that "this mandate is to be heeded."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Typically, leave to supplement should be permitted unless:  (1) there has been an undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

## ANALYSIS

Defendants oppose Plaintiff's Motion to Supplement.  [Doc. 78]. Specifically, Defendants argue that:  (1) permitting Plaintiff to supplement its Complaint would result in extreme prejudice to Defendants; and (2) the prejudice

4

would have been avoided had Plaintiff acted in a timely and diligent manner.[1]  Id. at 2.

This Court will first address whether permitting Plaintiff to supplement its Complaint would result in undue prejudice to Defendants.  According to Defendants, they would be extremely prejudiced because the Supplemental Complaint would greatly expand the litigation without the benefit of full and complete discovery.  As an initial matter, it is important to note that a "strong presumption" exists that leave to amend should be freely given prior to the close of discovery.  Fortin v. AT&T Servs., Inc., No. 1:19-CV-05501, 2020 WL 7496838, at *3 (N.D. Ga. June 18, 2020).  In this case, discovery is scheduled to close on February 25, 2022.  [Doc. 83].  Because four months remain in the discovery period, this Court finds that Defendants will have ample time to explore the allegations in the Supplemental Complaint.  Accordingly, this Court does not find that Defendants will be unduly prejudiced due to the lack of full and complete discovery.

---

[1] Defendants also generally assert that the proposed Supplemental Complaint is "legally and factually without merit." [Doc. 78, p. 1].  Recognizing that amendments are generally allowed unless patently futile, Defendants chose not to further develop this argument and indicated that it would be raised at a later time if necessary.

Next, the Court will address whether Plaintiff acted in a timely and diligent manner in filing its motion.  Defendants argue that Plaintiff did not act in a timely and diligent manner because Plaintiff waited three months to file the motion after learning of the allegedly inappropriate contact with customers.  This Court disagrees.  Plaintiff filed this action against Defendants on November 25, 2020.  In March 2021, Plaintiff learned that Defendants allegedly solicited another customer.  Although Plaintiff waited three months from that discovery to file the instant motion, Plaintiff took other action almost immediately.  First, on March 19, 2021, Plaintiff sent a cease-and-desist letter to Defendants regarding the inappropriate contact.  [Doc. 80, p. 4].  Defendants responded to that letter about a week later.  Id.  Second, the parties attempted mediation and even made some progress towards settlement.  Id.  Significantly, Plaintiff filed its motion only two weeks after settlement discussions broke down.  Under these facts, this Court finds that Plaintiff acted in a timely and diligent manner in filing the motion.

Ultimately, after considering Defendants' arguments, this Court finds them to be without merit.  Here, Defendants have not shown that they would be unfairly prejudiced by allowing Plaintiff to supplement its Complaint.  Defendants also have not shown that Plaintiff unreasonably delayed in filing its motion.  At bottom,

given the liberal standard that governs amendments, allowing Plaintiff to supplement its Complaint is appropriate in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Supplement the Complaint [Doc. 68] is **GRANTED**.  The Clerk is **DIRECTED** to docket the Supplemental Complaint [Doc. 68-1].

**SO ORDERED** this 28th day of October, 2021.

J. P. BOULEE
United States District Judge